UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VONA MARTIN,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No:  6:19-cv-00932-Orl-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

---

**MEMORANDUM OF DECISION**

Vona Martin (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits.  Doc. 1.  Claimant argues that the Administrative Law Judge (the ALJ) erred by failing to properly weigh the opinion of Kyle Moyles, M.D. (Dr. Moyles).  Doc. 26 at 22-30.  The Commissioner disagrees.  Doc. 26 at 30-37.  For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

**I.**　　**The ALJ's Decision**

On February 10, 2015, Claimant filed an application for disability insurance benefits alleging a disability onset date of December 11, 2014.  R. 15; 67.  Claimant's date last insured for disability benefits was June 30, 2016.  R. 17. The claim was denied initially and upon review.  R. 1; 67-76; 77-87.  Following an administrative hearing on May 30, 2018 (R. 34-66), on June 14, 2018, the ALJ issued his decision finding Claimant not disabled.  R. 12-26.

In the decision, the ALJ found that Claimant had the following severe impairment: status post right elbow fracture. R 17.[1]

The ALJ found that Claimant had an RFC to perform less than a full range of medium work as defined by 20 C.F.R. § 404.1567(c).[2] R. 20. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except with frequent overhead reaching with her right dominant arm and frequent grasping and fingering but no feeling with her right dominant hand.

*Id*. The ALJ posed a hypothetical question to the VE that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing Claimant's past work as generally performed and jobs in the national economy. R. 60-61. Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date last insured. R. 26.

On March 21, 2019, the Appeals Council denied Claimant's request for review. R. 1. Thus, the ALJ's decision became the Commissioner's final decision. This appeal followed.

## II.     Standard of Review

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The

---

[1] The ALJ also found that Claimant had the following non-severe impairments: ovarian cysts, high cholesterol, vitamin D deficiency, obesity, fatigue, dyspnea, allergies/sinusitis/allergic rhinitis, restless leg syndrome, otitis media right ear, amenorrhea, chronic foot pain, GERD, back pain, vertigo, pelvic pain, pelvic inflammatory disease, thrombocythemia, candidiasis of genitals, fatty liver disease, dyslipidemia, anxiety, and depression. R. 17-18.

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. Discussion

Claimant raises a single assignment of error: the ALJ failed to properly weigh the opinion of Claimant's treating physician, Dr. Moyles. Doc. 26 at 22-30. Specifically, Claimant argues that the ALJ failed to provide good cause reasons "based on adequate rationale" and supported by substantial evidence for giving little weight to Dr. Moyles's opinion. *See id.*

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The

ALJ is responsible for determining the claimant's RFC.  20 C.F.R. §§ 404.1546(c); 416.946(c).  In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources.  20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization.  20 C.F.R. §§ 404.1527(c); 416.927(c).

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  *Id.* (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).  A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary.  *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence

supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, Dr. Moyles Completed a form for Claimant entitled "Manipulative Limitations Medical Source Statement" on September 22, 2017. R. 727-28 (the Opinion).[3] In the Opinion, Dr. Moyles opined to limitations more severe than those found in the RFC. *Compare* R. 727-28, *with* R. 20. In his decision, the ALJ stated as follows with respect to Dr. Moyles:

> I have also considered the medical source statements from Dr. Blackstone, Dr. Moyles, and Dr. Weiss, who offered their opinions in the context of the adversarial workers' compensation claim system (Exhibits 11F, 12F, and 30F). The focus in a workers' compensation claim is on the claimant's past work or some modification thereof but the criteria used to determine disability under the Social Security Act is different from workers' compensation laws. 20 CFR 404.1504 allow outright rejection of conclusions of disability that are based on criteria other than Social Security Regulations. Therefore, ***a determination by a workers compensation doctor is not relevant when evaluating a Title II or Title XVI claim for benefits***. I am aware that the workers' compensation system is adversarial. Workers' compensation cases look only at the claimant's ability to return to the job being performed at the time of the injury.
>
> ***Nonetheless, in considering these opinions, I give them little weight for several reasons. Most importantly, these opinions were authored after the date last insured and the record does not support the opinions... As to Dr. Moyles' medical source statement*** dated September 22, 2017 (well after the date last insured) opining that she could only use her right hand and arm approximately 10% of the day (Exhibit 12F). ***I also give this opinion little weight because it is inconsistent with the other evidence in the case and is outside the period of issue***... Overall, nerve conduction studies in July 2016 indicated an injury to the cervical spine as well as the possibility of brachial plexus (Exhibit 10F and 22F). However, ***there was no evidence that any of her symptoms were coming from the elbow itself, but more proximally. In terms of the right upper extremity, she did not require any further medical treatment***. MRI of the cervical spine in August 2016 showed disc bulging from C2-C3 through C6-C7 but ***was otherwise a negative study of the cervical spine and cervical cord (Exhibits 10F and 22F). Furthermore, the record indicated that she only needed assistance with driving but she had no complaints with feeding, getting from bed to chair, getting to toilet, getting dressed, bathing, using the phone, taking medications, preparing meals, handling her affairs/checkbook, doing laundry and housework, shopping for groceries, doing***

---

[3] FN addressing fact that Moyles provided other opinions but any argument about ALJ not weighing those opinions is waived b/c perfunctory.

>  ***handyman work, climbing a flight of stairs, getting to places beyond walking distances, and taking her father to doctor appointments*** (Exhibit l 7F and hearing testimony). In addition, ***she testified that she used to take her father to all of his cancer treatments*** prior to his death. For such reasons, I give little to the opinions of Dr. Blackstone, Dr. Moyles, and Dr. Weiss.

R. 23-24 (emphasis added).

Claimant appears to argue, primarily, that the ALJ erred in giving Dr. Moyles's Opinion little weight and by providing insufficient reasons therefor. Doc. 26 at 22-30. Upon review, the Court finds that the ALJ articulated appropriate reasons for discounting Dr. Moyles's Opinion. *See D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it").

The ALJ explained that Dr. Moyles issued his Opinion in the "context of the adversarial workers' compensation claim system," and that "a determination by a workers compensation doctor is not relevant when evaluating a Title II or Title XVI claim for benefits" and further that Dr. Moyles's Opinion is "inconsistent with the other evidence in the case and is outside the period of issue. . . ." R. 23-24. In sum, the ALJ explained that he gave Dr. Moyles's Opinion little weight because: (1) the Opinion was issued in a workers' compensation context; (2) the Opinion was issued after the date last insured; and (3) the Opinion is inconsistent with and unsupported by the record. Specifically as to the latter, the ALJ cited several medical records he found inconsistent with Dr. Moyles's Opinion and explained that those records provide no evidence that any of Claimant's symptoms came specifically from her elbow; that Claimant did not require any further medical treatment for her right upper extremity; and that barring disc bulging, Claimant had a "negative study of the cervical spine and cervical cord." R. 24 (citing R. 621-52; R. 1111-132). In addition, the ALJ cited to portions of the record and Claimant's testimony that indicated

Claimant "only needed assistance with driving but she had no complaints with feeding, getting from bed to chair, getting to toilet, getting dressed, bathing, using the phone, taking medications, preparing meals, handling her affairs/checkbook, doing laundry and housework, shopping for groceries, doing handyman work, climbing a flight of stairs, getting to places beyond walking distances, and taking her father to doctor appointments." R. 24 (citing 836-955; hearing testimony). Accordingly, the Court finds that the ALJ articulated a good cause reason, supported by substantial evidence, in support of his determination to assign Dr. Moyles's Opinion little weight, and thus that the Commissioner's final decision is due to be affirmed. *See* 389 F. App'x at 948 (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."). Claimant's arguments to the contrary are unavailing. Indeed, Claimant's arguments are overwhelmingly unclear and often perfunctorily made.

As an initial matter, Claimant makes a perfunctory argument that the ALJ erred in giving more weight to "the state agency doctors" than to Dr. Moyles's Opinion; however, Claimant neither identifies nor cites to the opinions of these "state agency doctors," nor does Claimant provide any actual argument on this point. *See* Doc. 26 at 29-30. Accordingly, to the extent Claimant attempts to raise any argument related to alleged error based on the ALJ's assigning more weight to the opinions of "state agency doctors" than to Dr. Moyles's Opinion, such argument is waived.[4]

---

[4] *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept.

Additionally, Claimant appears to argue that the fact that Dr. Moyles's Opinion was issued after the date last insured does not constitute a good cause reason for discounting Dr. Moyles's Opinion. Claimant argues that the ALJ "ignored the fact that Dr. Moyles specified that the limitations were in effect back to the date of the injury" and that Dr. Moyles provided other opinions—authored between the alleged onset date and the date last insured—in this case. *Id.* at 24. However, Claimant does not discuss these additional opinions further, nor does Claimant make any argument that the ALJ erred in failing to consider these opinions. Any argument Claimant attempts to raise that the ALJ failed to weigh any other opinions offered by Dr. Moyles is ostensible by inference only, and, in any event, perfunctory at best. Accordingly, any such argument is waived. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned).

On the issue of the date of Dr. Moyles's Opinion being after the date last insured, the authority cited by Claimant is instructive but actually supports the ALJ's actions here: "the ALJ should *consider* evidence from a physician discussing the severity of an ongoing impairment or offering an opinion as to a claimant's condition prior to the date last insured. . . ." (*Ward v.* Astrue, 2008 WL 1994978 (M.D. Fla. May 8, 2008)) (emphasis added). Here, the ALJ did consider the evidence discussing the severity of an ongoing impairment. And rather than determining that the date of Dr. Moyles's Opinion was dispositive, the ALJ simply considered the date of that Opinion in reaching his decision to give that Opinion little weight along with the substantive content of the

---

26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

Opinion—just the process Claimant appears to argue should have occurred. *See* Doc. 26 at 25 (quoting *Ward* v. Astrue at *8). Further, even if Claimant's argument here was persuasive—and it is not—the ALJ offered several other reasons for discounting the Dr. Moyles's Opinion.

Claimant appears to present a similar argument with respect to the ALJ's consideration of Dr. Moyles's Opinion having been issued in the context of a workers' compensation claim. *See* Doc. 26 at 27. However, Claimant's concise argument on this issue fails to persuade the Court that the ALJ erred in considering the context of the Opinion in reaching his decision to assign the Opinion little weight.

Claimant also argues that the ALJ's finding that Dr. Moyles's Opinion is "inconsistent with other evidence in the case" is conclusory—and therefore insufficient—because the ALJ did not cite to specific inconsistencies in the record. Doc. 26 at 25. Claimant's argument is belied by at least three specific inconsistencies in the record that were noted by the ALJ and summarized by the Court in the foregoing paragraphs. Moreover, despite arguing that the ALJ failed to cite to specific inconsistencies, Claimant proceeds to expressly address the inconsistencies specifically identified by the ALJ. *See id.* at 27.

Finally, Claimant appears to argue that the ALJ erred when he found certain medical records and Claimant's hearing testimony inconsistent with Dr. Moyles's Opinion. *See* Doc. 26 at 27-29. But Claimant's argument here is unclear—it is a series of paragraphs, some with only factual assertions and others with only quotations from case law, but without any explicitly stated or otherwise obvious connection between the factual assertions and case law. Thus, the Court can only return to the ALJ's relatively clear statement that he gave Dr. Moyles's Opinion little weight "because it is inconsistent with the other evidence in the case and is outside the period of issue," which was followed by citations to the record and further explanations of the inconsistencies. R.

24. Thus, the ALJ explained why he gave Dr. Moyles's Opinion little weight, as the ALJ is required to do. *See Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence).

Accordingly, because the Court finds that the ALJ did not err in articulating good cause in assigning Dr. Moyles's Opinion little weight and further finds that the ALJ's reasons are supported by substantial evidence, the Court rejects Claimant's assignment of error.

### IV.   CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and
2. The Clerk is directed to enter judgment for the Commissioner and against Claimant and close the case.

**ORDERED** in Orlando, Florida on June 15, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Doug Gabbard II
Administrative Law Judge
c/o Office of Hearings Operations
524 South 2nd Street
McAlester, OK 74501-9901